UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| USA | * | CRIMINAL NO. 22-231 |
| | * | |
| | * | SECTION: "A" (2) |
| VERSUS | * | |
| | * | |
| | * | |
| GEORGE PETERSON | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNOPPOSED MOTION AND INCORPORATED**
**MEMORANDUM TO CONTINUE TRIAL AND PRETRIAL CONFERENCE**

**NOW INTO COURT** comes the Defendant, George Peterson, who, through undersigned counsel, respectfully requests that this Court continue the trial presently set for December 19, 2022 at 9:00 a.m. and the pretrial conference presently set for December 1, 2022 at 10:45 am. for the following reasons:

I.

Title 18, United States Code, Section 3161(h)(7)(A) provides, in pertinent part, that any period of delay resulting from a continuance granted on the basis of a court's findings that the ends of justice served by the granting of a continuance outweigh the best interest of the public and the defendant in a speedy trial shall be excluded in computing the time within which the trial must commence.

II.

The factors that a judge shall consider in determining whether to grant a continuance are found in subsection 3161(h)(7)(B)(i)-(iv). One such factor is whether denial of a continuance would deny counsel for the defendant "the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence." The Defense and the Government require additional time to complete discovery and to have the opportunity for another substantive meeting to include the Government, Defense Counsel and the Defendant. Further, Defense Counsel would also require additional time to meet with his client to confer with him regarding any ongoing negotiations and discussions between all parties. There are additionally other logistical issues regarding Pre-Trial Motions which may have to be heard in advance of any pre-trial conference or trial, which are still being explored with the discovery that is forthcoming. Accordingly, the additional time requested is "reasonable time necessary for effective preparation" within the meaning of subsection 3161(h)(7)(B)(i)-(iv) and so should be excluded from the speedy trial computation.

III.

This is the first setting for this matter subsequent to Arraignment and the first request by either party for a continuance   In view of the above considerations, the granting of this motion would be in the best interests of justice and would outweigh the interests of the public and the defendant in a speedy trial.

IV.

Counsel for the Government has been contacted regarding this request for a continuance and has no objection to this motion.

**WHEREFORE**, for the reasons set forth above, the Defendant, George Peterson, respectfully requests a continuance of the trial and pretrial conference dates and that this Court find that the period of any continuance be deemed excludable time under the Speedy Trial Act.

>Respectfully submitted,
>s/Richard J. Richthofen, Jr.
>**Richard J. Richthofen, Jr. (#29663)**
>**RICHTHOFEN & ASSOCIATES, LLC**
>3900 Canal Street

New Orleans, Louisiana 70119<br>
Office: 504-899-7949<br>
Facsimile: 504-899-2518<br>
Email: rick@rjrlawfirm.com<br>
Counsel for Defendant George Peterson

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 22, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/Richard J. Richthofen, Jr.<br>
RICHARD J. RICHTHOFEN, JR