**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **USA** | * | **CRIMINAL NO. 22-231** |
| | * | |
| | * | **SECTION: "A" (2)** |
| **VERSUS** | * | |
| | * | |
| | * | |
| **GEORGE PETERSON** | * | |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MOTION TO SUPPRESS EVIDENCE**
**FOR VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, George Peterson, who respectfully move this Honorable Court to suppress all evidence obtained from the unlawful search of Peterson's home and office in violation of the Fourth Amendment of the U.S. Constitution.

I.

The affidavit in support of the subject warrant application failed to establish probable cause that a crime involving the seized firearms was committed, involving or having a relationship with the premises to be searched under the subject warrant. Therefore, such warrant is in violation of the Fourth Amendment of the United States Constitution.

II.

The base allegation of the affidavit providing support for the search warrant was based on stale information. It asserted that on June 1, 2018 that it authorized a letter to ATF that was materially false. There is nothing in the affidavit to show that the information given by Peterson was false when given and there is nothing in the affidavit to support any search of the ATF records to show that the letter of June 1, 2018 had not been supplemented by new and more current information. As such, this information was stale and could not provide a reasonable basis for probable cause in June 2022.

III.

The allegation on page six of the affidavit that "Peterson facilitated a straw purchase" contradicts the factual statement made by Peterson and what was reported by the unnamed agents and C.I. Any allegations of the C.I. should be disregarded as there is no statement in the affidavit that the particular C.I. had given reliable information in the past. Often a CI's veracity is assessed from the accuracy of previous information supplied. As stated above no such allegation is made and the CI's and the reliance on the CI's veracity is left unexplained. The facts alleged on page seven in the first paragraph show that Peterson refused to engage in a "straw purchase" rather than the conclusory statement of the affidavit that Peterson facilitated a straw purchase.

IV.

The allegations in paragraph VI of the affidavit starting on page eight are totally conclusory and lack the factual support necessary to support a search warrant. The statements in the affidavit are obviously based on hearsay evidence given by persons whose reliability cannot be tested and statements that are misleading. It is obvious that once the firearm was legally sold to the purchaser, Peterson had no control over what the purchaser does with the firearm or who the original purchaser may later sell the firearm to in a private transaction.

V.

At best, the affidavit of Agent Jared B. Miller provided probable cause for Peterson's failure to comply with the requirements to file a Multiple Sales Report on two occasions and not probable cause for the seizure of Peterson's inventory of firearms or items not clearly documentary or electronic, such as an innocuous box, in a safe, in a closet, in a bedroom.

VI.

In determining whether probable cause exists to order a search, the reviewing judicial

authority must make a practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *U.S. v. Byrd*, 31 F.3d 1329, 1340, (5th Cir. 1994); *U.S. v. Peden*, 891 F.2d 514, 518 (5th Cir. 1989). Similarly, in determining when an informant's tip and corroborating circumstances provide the probable cause necessary to secure a warrant the issuing magistrate is to make a practical, common-sense decision; whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of the confidential informant supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. *Gates*, 462 U.S. 213, 230-33 (1983). A search warrant is validly issued if the totality of circumstances shows the affidavit in support of the warrant provides sufficient indicia of reliability for the information from confidential sources. *Id*.

A review of the affidavit in support of the search of the Peterson residence and business, the subject of this Motion to Suppress, will reveal the affidavit was conclusory, overly broad and showed no basis for believing that the informant's tip was trustworthy.

**WHEREFORE,** Defendant herein, George Peterson, respectfully requests, for the reasons aforementioned, that the evidence seized pursuant to the faulty search warrant, namely the small cardboard box, containing the solvent trap and conversion kit be suppressed, or in the alternative, following an evidentiary hearing, Mr. Peterson's motion to suppress evidence be **GRANTED.**

                                              Respectfully submitted,
                                                s/Richard J. Richthofen, Jr.
                                            **Richard J. Richthofen, Jr. (#29663)**
                                            **RICHTHOFEN & ASSOCIATES, LLC**
                                            3900 Canal Street
                                            New Orleans, Louisiana 70119
                                            Office: 504-899-7949
                                            Facsimile: 504-899-2518
                                            Email: rick@rjrlawfirm.com
                                            Counsel for Defendant George Peterson

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of July, 2023, a copy of the foregoing pleading has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management.  All counsel of record are being served this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States mail, properly addressed and with adequate postage affixed thereon.

                                                        */s/ Richard J. Richthofen, Jr.*