# UNITED STATES DISTRICT COURT

**SEALED**

for the
Eastern District of Louisiana

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE RESIDENCE OF GEORGE PETERSON AND THE<br>BUSINESS OF PDW SOLUTIONS, LLC, LOCATED AT<br>233 MODERN FARMS ROAD, WAGGAMAN, LA 70094 | )<br>)<br>)   Case No. 22-mc-1957<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Eastern_____ District of _____Louisiana_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC § 1001(a)(3) | Making a material false statement to government officials |
| 18 USC § 923(g)(1)(A) | Failure to report multiple sales by FFL |
| 18 USC § 922(b)(5) | Failure to record required information during sale of firearm |
| 18 USC § 922(b)(3) | Delivery of a firearm to non-resident |
| 18 USC § 924(a)(1)(D) | Penalty provisions for willful violations of Federal Gun Control Act |

The application is based on these facts:

See Affidavit in Support.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Jared B. Miller
*Applicant's signature*

ATF Special Agent Jared B. Millter
*Printed name and title*

Sworn to before me, over the telephone, and signed by me pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3), on this 28th day of June, 2022 in New Orleans, LA.

Date: June 28, 2022

*Judge's signature*

City and state: New Orleans, Louisiana

Hon. Donna Phillips Currault, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF A SEARCH OF THE RESIDENCE OF GEORGE PETERSON AND THE BUSINESS OF PDW SOLUTIONS, LLC, LOCATED AT 233 MODERN FARMS ROAD, WAGGAMAN, LOUISIANA 70094 | * * * * | MISC. NO. 22-mc-1957  DUTY MAGISTRATE  **FILED UNDER SEAL** |

\* \* \*

### AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, Jared Miller, being duly sworn, hereby state:

### INTRODUCTION

This affidavit is made in support of an application for a search warrant of the property located at 233 Modern Farms Road in Waggaman, Louisiana, further described in Attachment A. The structures on this property constitute the personal residence of **George PETERSON** ("**PETERSON**"), as well as his business location for PDW Solutions, LLC ("**PDW**"). I respectfully submit there is probable cause that **PETERSON**, individually and doing business as PDW, has submitted a materially false writing to ATF in violation of Title 18, United States Code, Section 1001(a)(3); willfully failed to report multiple sales of firearms in violation of Title 18, United States Code, Sections 923(g)(1)(A) and 924(a)(1)(D); willfully failed to record required information during the sale of a firearm in violation of Title 18, United States Code, Sections 922(b)(5) and 924(a)(1)(D); and willfully delivered a firearm to a person who he knew or had reason to know did not reside in the state of Louisiana in violation of Title 18, United States Code, Sections 922(b)(3) and 924(a)(1)(D). I further submit there is probable cause that evidence of these crimes; contraband, fruits of crime, or other illegal items; and/or instruments used in committing

these crimes, further described in Attachment B, will be found by searching the premises described in Attachment A.

## AGENT BACKGROUND

I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been since September 2018. I am stationed in the New Orleans, Louisiana field office. I began my law enforcement career as a police officer for four years with the Charlottesville Police Department in Virginia. After that, I was a Special Agent for five years with the Virginia Department of Alcoholic Beverage Control in Virginia. I received basic law enforcement training at the Central Shenandoah Criminal Justice Training Academy in Weyers Cave, Virginia. For ATF, I was trained at the Federal Law Enforcement Training Center in Glynco, Georgia. I graduated as the top student in my class, with academic honors. I am also a graduate of Bridgewater College with a degree in Communications and a minor in Criminal Justice.

In my current duties, I investigate alcohol and tobacco diversion, firearms violations, explosives, and arson, as well as the distribution of controlled substances. This frequently involves physical surveillance of criminal targets and execution of arrest and search warrants. Additionally, I have been required to analyze information resulting from traditional record searches, reviewing case files, and analysis of financial, inventory, and other related written records.

The facts in this affidavit come from my personal observations or information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## **PROBABLE CAUSE**

**I.    PETERSON and PDW are subject to ATF administrative regulations.**

On April 29, 2022, a check was conducted on PDW through the Federal Licensing System ("FLS"). PDW was issued a Federal Firearms License ("FFL") on July 17, 2018, under FFL number 5 72 051 01 4H 05977. This license is required for a person to engage in the business of selling firearms.[1]

In ATF regulatory filings, **PETERSON** is listed as the sole Responsible Person for the FFL. In Louisiana Secretary of State filings, **PETERSON** is listed as the sole officer and registered agent of PDW. The address for PDW is listed as 233 Modern Farms Road, Waggaman, Louisiana 70094. The type of business use being conducted on the property within his residential neighborhood is in violation of state law regulations. The Jefferson Parish Inspection and Code Enforcement Department did not authorize sales from this location.

The primary structure on the property is a single-family home with a two-car garage. During surveillance, ATF agents have observed that **PETERSON** stores inventory for PDW within the primary residential structure. He also conducts retail operations for PDW out of a building in the rear of the property which is attached to the home. There is signage on the property indicating it is the place of business for PDW. The interior of the attached structure is set up as a storefront. There are numerous firearms and firearm accessories on walls, displayed on tables, and display racks. There is a desk with a computer where transactions are conducted. **PETERSON** regularly advertises his storefront hours as Monday through Friday, from noon until 7 pm. Customers visit the location regularly to purchase firearms, ammunition, and tactical equipment.

---

[1] The Federal Gun Control Act provides: "It shall be unlawful for any person—except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce." 18 U.S.C. 922(a)(1)(A).

3

II.     **PETERSON made a materially false writing to ATF.**

On June 1, 2018, **PETERSON** authored a letter to ATF regarding the physical location of PDW. It stated, "No inventory is kept on premise[sic] … No customer or students will be at this address." It further stated in all capital letters, "NO FIREARMS WILL BE SHIPPED TO OR FROM THE ADDRESS AT 233 MODERN FARMS ROAD, WAGGAMAN, LOUISIANA." **PETERSON** represented he would conduct business at gun-shows and online entirely, with no storefront and no business activity within his personal residence. Instead, he was going to base his inventory out of a leased storage unit. He produced a letter from Elmwood Self Storage & Wine Cellar, acknowledging they would "follow ATF regulation 478.23 'Right of Entry of Business Premises'" at the storage unit leased by **PETERSON** for PDW.

ATF surveillance, undercover operations, and local law enforcement reports have shown that **PETERSON** is using the property at 233 Modern Farms Road, as described in Attachment A, as a retail location. Inventory is kept on the premises, and customers are invited to shop on site. This is materially inconsistent with the written statements made by **PETERSON** in his June 1, 2018 letter to ATF regulators, in violation of Title 18, United States Code, Section 1001(a)(3).

III.    **PETERSON has knowledge of Federal Gun Control Act requirements.**

According to the Firearms Qualification Report issued by ATF, regulatory requirements were explained to **PETERSON** at the time of licensing. The review of those requirements include notification of compliance with State Laws and Published Ordinances: Firearms CD 2008 29th Edition (ATF P 5300.5), FFL Quick Reference and Best Practices Guide (ATF P 5300.15), FFL Firearms Inventory Theft/Loss Report (ATF F 3310.11), Report of Multiple Sales/Other Disposition of Pistols and Revolvers (ATF F 3310.4), and Computerized Acquisition and Disposition Records (ATF I 5300.44). **PETERSON** signed and dated an acknowledgement of this

4

review and received a copy of his acknowledgment which included the topics covered as well as references to citations of the law and regulations. This report was completed and signed by ATF Industry Operations Investigator ("IOI") Kevin Schrieffer.

IV.     **PDW has not complied with multiple sale reporting requirements.**

The law and regulations related to the conduct of business as an FFL are found at 27 C.F.R. 478. One of the requirements is for FFLs to report the sale or disposition of more than one pistol or revolver to a single customer within five business days. This is commonly referred to as a Multiple Sales Report and is properly documented on ATF Form 3310.4, which is then submitted to both ATF and state and local officials. The report is due by the close of business on the day the second firearm is purchased. Since becoming licensed, PDW has never filed a multiple sales report documenting the transfer of two or more pistols or revolvers within five business days as required by 27 C.F.R 478.126a. After consulting with an ATF IOI, I learned that it is extremely uncommon for an FFL to never file a multiple sale transaction.

ATF launched an independent investigation into potential violations by **PETERSON** and PDW, in cooperation with Jefferson Parish Sheriff's Office ("JPSO"). Later, ATF utilized an undercover ATF Special Agent ("AGENT") and an ATF Confidential Informant ("CI"). The CI is prohibited from purchasing or possessing firearms and does not live in Louisiana.

In late May 2022, a JPSO deputy went into PDW wearing his issued uniform and activated body worn camera. After filling out the required ATF 4473 form for the background check, he legally purchased two revolvers. PDW did not report the multiple sale of the revolvers to a single individual as required.

On June 8, 2022, the undercover AGENT purchased multiple pistols from PDW. The AGENT and CI spoke to Raven MARS ("MARS"), an employee of PDW. The AGENT purchased

two pistols from MARS for $2,000.00. MARS included 40 rounds of 5.56x45 caliber ammunition for free. PDW did not report the multiple sale of the revolvers to a single individual as required.

These two instances establish probable cause that **PETERSON** has been failing to report multiple sales of firearms by a single purchaser in violation of Title 18, United States Code, Sections 923(g)(1)(A) and 924(a)(1)(D).

**V.     PETERSON facilitated a straw purchase and delivered a firearm to a non-resident.**

On June 14, 2022, the AGENT and CI returned to PDW. The AGENT and CI began talking to **PETERSON**. The CI engaged **PETERSON** in a conversation about the firearms inventory held by PDW. The CI asked **PETERSON** several questions regarding PDW's handguns in stock at the premises. During this conversation, the CI specifically indicated to **PETERSON** that he/she had an interest in purchasing a firearm for himself/herself. **PETERSON** showed the CI several pistols. A short time later, the CI told **PETERSON** that he/she was "ready," indicating the CI was ready to purchase the two pistols that the CI had selected. **PETERSON** handed the CI an ATF 4473 form, which is required to be completed by anyone purchasing a firearm from an FFL. At that time, the AGENT interrupted the conversation between the CI and **PETERSON**, indicating that he (the AGENT) would be filling out the paperwork instead of the CI. **PETERSON** asked the AGENT who the pistols being purchased were for, and the AGENT responded, "It's for me."

While continuing to complete the ATF 4473, the AGENT loudly told the CI, "I think you should get one of each," referring to the CI purchasing two pistols. This statement was made in front of **PETERSON**, who then told the AGENT it indicated the handguns were really being purchased for the CI and, in that case, the CI should be the person that completed the ATF 4473. The AGENT told **PETERSON** that the AGENT would be paying for the firearms.

**PETERSON** reacted to the encounter about the ATF 4473 form by stating that if ATF were trying to catch **PETERSON** for allowing a straw purchase to occur, the current transaction would look like one. **PETERSON** explained to the AGENT that a straw purchase is when one person purchases a firearm for another person because the other person cannot purchase a firearm for themselves. **PETERSON** asked the CI if the CI could legally purchase a firearm. The CI responded that he/she was unsure if they legally purchase a firearm. Then, the AGENT told **PETERSON**, "Let me just get mine then." **PETERSON** consented.

A short time later, **PETERSON** explained to the CI that it was possible to get the CI's rights restored to where he/she could legally possess and purchase firearms. Then, the CI handed **PETERSON** his/her Missouri identification card, in order for **PETERSON** to run a criminal background check on him/her. After examining the Missouri identification, **PETERSON** stated he could not run a background check on the CI because the identification card was from another state. **PETERSON** explained that in order for him to sell the CI a handgun, he would need to send it to an FFL in Missouri, who would then complete the transaction. This indicates **PETERSON** knew the CI was not a resident of the state of Louisiana and could not purchase or receive a firearm from an FFL within the state.

Later, the AGENT and CI began discussing the purchase of ammunition with **PETERSON**. The CI told **PETERSON** that he/she wished to purchase three boxes of 9mm ammunition (50 rounds per box) for $100.00. **PETERSON** agreed to this deal. The CI handed the AGENT the money to be used to purchase the firearm and ammunition. **PETERSON** was in front of the AGENT and CI when the exchange of money took place. This behavior contradicted the AGENT's earlier statement that the AGENT would be paying for the firearms and the act is a red

7

flag that a straw purchase is occurring. **PETERSON** completed the sale of the handgun and the previously discussed ammunition anyway.

After the transaction, the AGENT told **PETERSON** that he wished to purchase an additional handgun. **PETERSON** agreed, and the AGENT purchased an additional pistol from **PETERSON**. After completing the sale, **PETERSON** placed the two pistols, as well as the ammunition into a single bag and placed it on his desk. The CI picked up the bag and carried it out of the location. **PETERSON** did not tell the CI that he/she could not receive the handguns as an out of state resident. **PETERSON** did not require the CI to fill out the ATF 4473 form or obtain any other information from the CI, despite the obvious indicators that this was a straw purchase.

Based on this conduct, there is probable cause to believe that **PETERSON** willfully failed to record required information of a gun purchaser in violation of Title 18, United States Code, Sections 922(b)(5) and 924(a)(1)(D) and willfully delivered a firearm to a person who he knew or had reason to know did not reside in the state of Louisiana in violation of Title 18, United States Code, Sections 922(b)(3) and 924(a)(1)(D). After the sale, ATF IOI Cieutat confirmed that no multiple sale was reported by PDW for the purchase of the two pistols on that date as required. This is another violation of Title 18, United States Code, Sections 923(g)(1)(A) and 924(a)(1)(D).

VI. **A high number of guns sold by PDW have been recovered from crime scenes.**

Federal and state law enforcement agencies use a data sharing system which traces the origin and last known purchaser of firearms that are recovered from crime scenes. This tool assists in identifying gun trafficking, potential suspects, and patterns of other firearm related crimes. A review of these trace reports indicates a large number of firearms sold by PDW end up being recovered at crime scenes.

On June 23, 2022, I received information from IOI Cieutat regarding trace reports where firearms recovered from crime scenes that were linked to sales conducted by PDW. Since May 27, 2020, there have been over 70 firearms sold by PDW which were recovered by law enforcement during criminal investigations. Several of these trace reports have a "time to crime" (the time frame between the purchase of the firearm and the law enforcement recovery of the firearm) range of six months or less, including some within a week of the initial purchase.

The crimes associated with the trace reports include homicides (six firearms sold by PDW were used in homicides, with an average time to crime of 132 days), other violent crimes such as assault, aggravated assault, robbery, and domestic violence (ten firearms sold by PDW were used in such crimes, with an average time to crime of 146 days), and felons in possession of a firearm (nine firearms sold by PDW were recovered as a result of criminal investigations, with an average time to crime of 138 days). There have also been over 20 firearms recovered in drug related investigations, including several recovered within eight days or less from the date PDW transferred the firearm. In addition to Louisiana, there have been recoveries of firearms used in crime in Texas, Mississippi, Arkansas, and Tennessee which were sold by PDW.

In my experience, a time to crime of six months or less is an indicator of illegal firearms trafficking. Based on the specific instance involving the straw purchase with the ATF CI, combined with the high number of firearms involved in illegal activity, there is probable cause to believe **PETERSON**, through PDW, is engaged in a pattern of unlawful gun sales, including failure to maintain proper records, aiding and abetting straw purchases, delivering firearms to prohibited persons, and other violations of the Federal Gun Control Act.

## CONCLUSION

I submit there is probable cause that **PETERSON**, individually and doing business as PDW, has submitted a materially false writing to ATF in violation of Title 18, United States Code, Section 1001(a)(3); willfully failed to report multiple sales of firearms to a single purchaser in violation of Title 18, United States Code, Sections 923(g)(1)(A) and 924(a)(1)(D); willfully failed to record required information during the sale of a firearm in violation of Title 18, United States Code, Sections 922(b)(5) and 924(a)(1)(D); and willfully delivered a firearm to a person who he knew or had reason to know did not reside in the state of Louisiana in violation of Title 18, United States Code, Sections 922(b)(3) and 924(a)(1)(D). I further submit there is probable cause that evidence of these crimes; contraband, fruits of crime, or other illegal items; and instruments used in committing these crimes, further described in Attachment B, will be found by searching the

premises described in Attachment A. Accordingly, I respectfully request this Court issue a Warrant for search and seizure.

                                                      Respectfully Submitted,

                                                      */s/ Jared B. Miller*
                                                      JARED B. MILLER
                                                      Special Agent, Badge No. 6195
                                                      Bureau of Alcohol, Tobacco, Firearms,
                                                      and Explosives
                                                      Phone: 504-202-7155

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn to before me, over the telephone, and signed
by me pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3),
on this 28th day of June, 2022 in New Orleans, LA.


_____
HONORABLE DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

11

**ATTACHMENT A**
**Place To Be Searched**

The place to be searched is the property located at 233 Modern Farms Road, Waggaman, LA 70094. The target location is a two-story residence, an attached two car garage, and an attached building connected to the main residence by a covered patio. The residence is the home address of George **PETERSON**. The attached building is being utilized as the storefront for PDW Solutions, LLC.

 

(*Left:* Road frontage of property / *Right*: Rear building circled in red)

In addition to the storefront and residence, any other structures, storage buildings, enclosed trailers and motor vehicles within the property are to be searched. Vehicles typically located on the property are a black 2020 Chevrolet Suburban, bearing Louisiana License Plate Number 570EMU, registered to George **PETERSON**, and a gray 2015 Nissan Altima, bearing a Louisiana License Plate Number 292CYR, registered to Raven MARS.

## ATTACHMENT B
### Property To Be Seized

1. Books, records, receipts, notes, ledgers, and other papers relating to the acquisition, ordering, purchase, distribution, and sale or disposition of firearms;

2. Financial proceeds from the sale of firearms, namely United States Currency, bearer instruments, stored-value purchase cards, including any and all foreign and domestic coins and currency and other financial instruments;

3. In addition, all books, records, receipts, credit card receipts and statements, bank statements, and other related financial records, to include: currency, bank checks, money drafts, money orders, cashier's checks, and monetary instruments, letters of credit, receipts, passbooks, financial statements, precious metals, jewelry, vehicle receipts and documents, real estate documents, documents to off-site storage facilities, receipts and rental agreements for storage facilities, safety deposit box keys, storage facility keys, utility bill statements, records of mail and answering services, bulk pre-paid store merchandise cards, logs, and any other items evidencing the obtaining, secreting, transfer and/or expenditures of all monetary transactions for both business and personal purposes;

4. Records, documents, books, ledgers, notebooks, memoranda, notes, receipts, invoices, bills of sale, photographs, audio tapes, video tapes, lists, or certificates, relating to the purchase, sale, transfer, or distribution of firearms;

5. Computers and software records containing financial data and information related to the receipt and other disposition of income and related financial information pertaining to the purchase, lease, sale, or other disposition of real or personal property;

6. Indicia of ownership, occupancy or residence of the premises being searched, including utility and telephone bills, lease agreements, and mortgage records, loan documents,

rent receipts, service, remodeling, and repair contracts, keys, mail, identification documents, address books, date books, calendars, personal papers, and video tapes and photographs of persons;

   7. Wireless communication devices, recording devices, tablets, and internet connected devices; and

   8. Firearms, including, but not limited to handguns, pistols, revolvers, rifles, shotguns, and other weapons related to and associated with the dealing of firearms.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT 
for the
Eastern District of Louisiana

| In the Matter of the Search of | ) |
|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No.  22-mc-1957 |
| THE RESIDENCE OF GEORGE PETERSON AND THE BUSINESS OF PDW SOLUTIONS, LLC, LOCATED AT 233 MODERN FARMS ROAD, WAGGAMAN, LA 70094 | ) ) ) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   Louisiana
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before   July 12, 2022   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Duty Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   6/28/2022   3:07 pm            *[signature]*
                                                         *Judge's signature*

City and state:   New Orleans, Louisiana       Hon. Donna Phillips Currault, U.S. Magistrate Judge
                                                *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>22-mc-1957 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
|     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>                                                                                                           *Executing officer's signature*<br><br>                                                                                                              *Printed name and title* |