UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 22-231 |
| GEORGE PETERSON | SEC. "A" |

## ORDER AND REASONS

Before the Court are the Defendant's **Motion to Dismiss** *Count 1 of the Indictment* **(Rec. Doc. 42)** and the Defendant's **Motion to Suppress (Rec. Doc. 43)** filed by George Peterson. The motions are based on the search of the Defendant's home with an alleged deficient search warrant, and the October 2022 indictment of possession of an unregistered firearm in violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871 (Rec. Doc. 1). The Defendant's motions are DENIED for the following reasons.

In June of 2022, ATF Special Agent Jared Miller applied for a search warrant to United States Magistrate Judge Donna Phillips Currault to search the Defendant's residence and storefront PDW Solutions. In its affidavit, the Government averred that the Defendant had violated four federal statutes, including failure to report multiple sales of firearms and making a false statement to an ATF agent. As to all four alleged crimes, the Government included articulable facts in support of the finding of probable cause by Judge Currault. The warrant was issued and the search was conducted the next day. As a result of the search, the silencer which forms the basis of the present charges was found.

## *MOTION TO DISMISS*

The Defendant moves for his indictment to be dismissed in light of the recent Supreme Court case of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and

1

Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure.

Numerous courts across the nation have ruled on this exact issue. This Court agrees with those courts and finds the statute to be constitutional.

In the wake of the Supreme Court's recent decision in *Bruen*, courts across the country have addressed an increase in constitutional challenges of various prohibitive weapon restriction statutes. The Second Amendment to the U.S. Constitution provides: "[T]he right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. However, no right is unlimited. *District of Columbia v. Heller*, 554 U.S. 570 (2008). Therefore, pursuant to *Bruen*, the Court must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. *Bruen*, 142 S. Ct. at 2129–30. First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." *Id*. If the Second Amendment does cover the individual's conduct, the court must then ask whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id*. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass constitutional muster. *See Id*. at 2131.

'Bearable Arms' as defined by the Supreme Court are, "weapons of offence or armour of defence that a man wears for his defence or take into his hands or useth in wrath to cast at or strike another." *District of Columbia v. Heller*, 554 U.S. 570, 582 (2008) (Quoting Dictionary of the English Language 106, 4th ed.). Since silencers are not arms, but rather an accessory, they are not not protected by the Second Amendment. *United States v. Cox*, 906 F.3d 1170, 1186 (10th Cir. 2018). A silencer is not a 'weapon of offence or an armour of defence' because it cannot on its own cause any harm and is not useful independent of its attachment to a firearm. *United States v. Hasson*, 2019 WL 4573424, at *4(D. Md. Sept. 20, 2019), *aff'd*, 26 F.4th 610

(4th Cir. 2022).

Consequently, silencers are not bearable arms within the scope of the Second Amendment even in light of *Bruen* or its progeny. The Defendant's motion fails the first step of the *Bruen* analysis—that the plain text of the Second Amendment includes silencers. Therefore his motion must be dismissed.

## *MOTION TO SUPPRESS*

The Defendant also moves to suppress the evidence seized based on the search of his home and residence that was executed in June of 2022. The Defendant argues that there was a lack of probable cause and articulable facts contained within the Government's search warrant affidavit.

The Court must determine if the search was proper in light of the exclusionary rule. In determining a challenge to seized evidence under the Fourth Amendment, the Court must determine whether the good-faith exception to the exclusionary rule articulated in *United States v. Leon*, 468 U.S. 897 (1984) applies. The good-faith exception allows reliance on the warrant even if the search warrant is defective as long as that reliance is objectively reasonable. *Id.* The only scenario where the good-faith exception would not apply are: 1) when the magistrate is misled by information in the affidavit the affiant knew or should have known was false, 2) the issuing magistrate abandoned the judicial role, 3) the warrant was based on an affidavit that lacked an indicia of probable cause, or 4) the warrant was so facially deficient that the executing officers could not have reasonably presumed it to be valid. *United States v. Sibley*, 448 F.3d 754, 757 (5th Cir. 2006). Accordingly, if the good-faith exception applies, a motion to suppress to review the magistrate's determination of probable cause fails and the analysis need not go any further.

Here, the Court finds that the good-faith exception applies to the search and seizure of the Defendant's home and office. In his motion, the Defendant does not rebut the good-faith exception to the Fourth Amendment, but rather focuses on Magistrate Judge Currault's finding of probable cause and issuance of a search warrant. The type of warrants that fall into the third exception to the good-faith exception argued by the Defendant are based on wholly conclusory statements that lack articulable facts and circumstances for a judge to determine probable cause. *United States v. Gonzalez*, 766 Fed. App'x 178, 182 (5th Cir. 2019). This is not true in the matter before the Court as each offense was supported by specific facts of the criminal misconduct by the Defendant. Most notably, the Defendant concedes that probable cause existed to search his property pursuant to his failure to report multiple sales of firearms. The good-faith exception applies to this search, and the analysis need not go any further. The Defendant's motion must be DENIED.

**ACCORDINGLY**;

    **IT IS ORDERED** that the Defendant's **Motion to Dismiss Indictment (Rec. Doc. 42)** is **DENIED**.

    **IT IS FURTHER ORDERED** that the Defendant's **Motion to Suppress (Rec. Doc. 43)** is **DENIED**.

New Orleans, Louisiana, August 21, 2023.

.

                                              Judge Jay C. Zainey  
                                              United States District Judge