UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO: 22-CR-00231 |
| v. | * | SECTION: "A" |
| **GEORGE PETERSON** | * | |
| * * * | | |

**MOTION AND BRIEF OF THE UNITED STATES
FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

**NOW INTO COURT** comes the United States of America, by and through the undersigned Assistant United States Attorney, who respectfully submits this motion for issuance of a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States avers as follows:

1. On October 20, 2022, the grand jury returned an Indictment (Rec. Doc. 1) charging the defendant, **GEORGE PETERSON**, with Possession of an Unregistered Silencer, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871, (Count 1). The indictment included a notice of forfeiture, pursuant to 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), and alleged forfeiture of any firearm or ammunition involved in any violation of the provisions of Title 26, including but limited to the following:

> One (1) black cylinder which is a firearm silencer and firearm muffler.

2. On August 29, 2023, the defendant entered a plea of guilty as charged to Count 1 (Rec. Doc. 50) and approved a Factual Basis (Rec. Doc. 51) which is incorporated herein by reference. The factual basis referenced the property as being involved in the criminal offense,

specifically, the silencer was recovered from the defendant's bedroom closet during the execution of a search warrant. *See Id.* pp. 1.

    3.       The Court's jurisdiction in this matter is founded upon 26 U.S.C. § 5872, which provides for the forfeiture of any firearm or ammunition involved in any violation of the provisions of Title 26, and upon 28 U.S.C. § 2461, which provides that "[i]f the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case…"

    4.       Rule 32.2(b) of the Federal Rules of Criminal Procedure provides in part as follows:

(1) *Forfeiture Phase of the Trial.*

    (A) *Forfeiture Determinations.* As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

    (B) *Evidence and Hearing.* The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) *Preliminary Order.*

    (A) *Contents of a Specific Order.* If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(B) *Timing.* Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(C) *General Order.* If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

(i) lists any identified property;

(ii) describes other property in general terms; and

(iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(3) *Seizing Property.* The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

5. Based upon the evidence set forth by the defendant's plea agreement and factual basis, the government submits that it has established the requisite nexus between the property and the offense to which the defendant has plead guilty.

6. Pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the government shall publish notice of preliminary order of forfeiture and its intent to dispose of the properties on www.forfeiture.gov for 30 days and shall send notice to any person who reasonably appears to be a potential claimant with-standing to contest the forfeiture in the ancillary proceeding.

**WHEREFORE,** the United States respectfully requests that the Court issue the proposed preliminary order of forfeiture, forfeiting to the United States of America the properties described above and ordering the Government to seize forthwith and maintain the forfeited properties and dispose of it in accordance with law.

[*Attorney Signature Block and Certificate of Service on Following Page.*]

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY


 */s/ Alexandra Giavotella*
ALEXANDRA GIAVOTELLA  (La. 38005)
Assistant United States Attorney
United States Attorney's Office
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone: (504) 680-3065
Email: alexandra.giavotella@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served in accordance with the Court's ECF Rules this 27th day of November, 2023.


 */s/ Alexandra Giavotella*
ALEXANDRA GIAVOTELLA
Assistant United States Attorney