UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO: 22-CR-00231 |
| v. | * | SECTION: "A" |
| **GEORGE PETERSON** | * | MAGISTRATE: 2 |
| | * * * | |

### RESPONSE TO DEFENDANT'S MOTION FOR INSPECTION

.

The defendant requests the court order ATF to allow him to be present during the transfer of PDW Solution's firearm inventory to his designated FLL, Westbank Guns, LLC. The justification he provides for his attendance is that he "wishes to be present to observe and inspect the firearms for damage…" and that he will be able to do so without exerting "dominion and control over any of the firearms." Rec. Doc. 74, p. 2.

Title 18, United States Code, Section 922(g)(1) provides that:

> "It shall be unlawful for any person…who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

Thus, Section 922(g) prevents a felon not only from holding his firearms himself but also from maintaining control over those guns in the hands of others. Possession may be actual or constructive. *See United States v. Hagman,* 740 F.3d 1044, 1048 (5th Cir. 2014). Constructive possession is established when a person, though lacking such physical custody, established "ownership, dominion, or control over the contraband." *See United States v. Mergerson*, 4 F.3d

337, 349 (5th Cir. 1993). An individual exercises control when he has "the power or authority to manage, direct, or oversee." BLACK'S LAW DICTIONARY 403 (10th ed. 2014).

The defendant wishes to inspect and observe the firearms. However, the government does not see a situation in which he can do so where he would not be exercising some form of control over the firearms. By inspecting the firearms, he would be examining them individually and controlling the movement of the firearms. Similarly, he would in the presence of over 400 firearms. A felon can do no more than nominate an independent recipient for firearms in the federal agency's custody. The defendant's request to be present at the time of the transfer exceeds the scope of the allowed control.

ATF will be taking photographs of the firearms prior to the transfer and those photographs will be given to the defendant for review and inspection. Accordingly, the government respectfully requests that this court deny defendant's motion to inspect the firearms on the grounds that it would be inconsistent with Section 922(g).

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*s/Alexandra Giavotella*
ALEXANDRA GIAVOTELLA  (La. 38005)
Assistant United States Attorney
United States Attorney's Office
650 Poydras Street, Suite 1600
New Orleans, LA  70130
Telephone: (504) 680-3065
Email: alexandra.giavotella@usdoj.gov

*[Certificate of Service on the next page.]*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served in accordance with the Court's ECF Rules this 28th day of March, 2024.

                                              *s/Alexandra Giavotella*
                                              ALEXANDRA GIAVOTELLA
                                              Assistant United States Attorney